UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DILON BLAINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-00304-SEB-TAB |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

In August 2020, Dilon Blaine was punished through the Indiana Department of Correction's (IDOC) Disciplinary Code for possessing an intoxicating substance. Mr. Blaine challenges the evidentiary basis for his disciplinary conviction and seeks a writ of habeas corpus. Because the evidentiary record clears the meager threshold for prison disciplinary proceedings, Mr. Blaine's petition is denied.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

According to a conduct report, Officer Clements searched Mr. Blaine's cell on August 9, 2020, and found a plastic bottle in a laundry bag. Dkt. 6-1 at 1. The bottle contained "a brown liquid with red solid particles floating on the bottom of the bottle." *Id.* Based on his experience, Officer Clements noted that the liquid had the same consistency as homemade intoxicants. *Id.* Officer Clements took pictures of the bottle and then discarded its contents. *Id.* at 1–2.

Officer Clements also completed an evidence record describing the bottle and its contents. *Id.* at 2. The record includes a picture of a bottle next to an evidence record featuring a different inmate's name. *Id.* at 3. Both evidence records feature similar cell numbers, suggesting that both Mr. Blaine and his cellmate were charged with possessing the bottle. Finally, Officer Clements prepared a confiscation notice stating that he confiscated an "unknown intoxicating substance" from Mr. Blaine. *Id.* at 4.

At his disciplinary hearing, Mr. Blaine denied possessing the bottle. Dkt. 6-4. A third inmate provided a written statement that the bottle belonged to him. Dkt. 6-5. Nevertheless, the hearing officer found Mr. Blaine guilty of possessing an intoxicating substance and assessed sanctions, including a loss of earned credit time and a demotion in credit-earning class. Dkt. 6-4. Mr. Blaine's administrative appeals were unsuccessful. Dkts. 6-8, 6-9, 6-10.

## III. Analysis

Mr. Blaine raises only one challenge to his disciplinary conviction, and it concerns the strength of the evidence against him.[1] In a prison disciplinary proceeding, the "hearing officer's

---

[1] Mr. Blaine asserts additional arguments in his petition, but he concedes that they are procedurally defaulted. Dkt. 9 at 2.

decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

A prisoner violates the Disciplinary Code by "possessing an intoxicating substance." Dkt. 6-12 at 1–2. Under the Disciplinary Code, an inmate is presumed to possess anything in his cell. *See* IDOC, *Disciplinary Code for Adult Offenders*, at 6 (avail. at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf).

Officer Clements' conduct report provides "some evidence" that Mr. Blaine possessed an intoxicating substance. The conduct report documents that Officer Clements found a bottle hidden in Mr. Blaine's cell, that it contained a brown liquid with red particles, and that—based on his experience—he believed the substance was a homemade intoxicant. That evidence does not prove

beyond a reasonable doubt that the substance was an intoxicant, but it satisfies the "meager threshold" applicable in this case. *Jones*, 637 F.3d at 849.

Mr. Blaine bases his petition on the fact that the only picture of the bottle in the record shows it next to another inmate's evidence record. Dkt. 1 at 3–4. Although true, this does not entitle Mr. Blaine to relief. The fact that evidence from a disciplinary case mistakenly made its way into the record does not undo the fact that "some evidence" supports Mr. Blaine's guilt. There is no dispute that a bottle containing a brown liquid was found in Mr. Blaine's cell, and Officer Clements's observation that it resembled an intoxicating beverage based on his experience satisfies due process. Even in criminal proceedings, where due process affords greater protections to the accused and the evidentiary burden is heightened, an officer's testimony that he recognizes a substance based on his training and experience is sufficient to identify the substance. *See United States v. Sanapaw*, 355 F.3d 492, 496 (7th Cir. 2004); *Wolff,* 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

To the extent Mr. Blaine bases his argument on violations of prison policy, he has not identified a basis for habeas corpus relief. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's

noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

### IV. Conclusion

For the reasons discussed in Part III, Mr. Blaine's petition for a writ of habeas corpus challenging disciplinary case CIC 20-08-0051 is **denied**, and the action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment** consistent with this entry. Mr. Blaine's motion for review and decision, dkt. [10], is **granted** insofar as the Court has ruled on his petition and **denied** in all other respects.

**IT IS SO ORDERED.**

Date: 11/30/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DILON BLAINE
255487
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov